*124 But per curiam,
Judge Ashe and Judge Williams
Here the Plaintiff has a state grant, and it would be of the most dangerous consequences to void it by parol testimony. It is true, that the art of 1777, ch. 1, sec. 9, says, that every right, title, claim, &c. obtained in fraud, elusion or evasion of the premises of that act, shall be deemed void — but the meaning is, it shall be void as to the State, who may proceed to void it by sci.fa. and having a judgment founded on that on record expressly against it — not that it shall be voided, upon evidence in an ejectment by an individual citizen. It is truq also that the act further directs, that a party preferring a subsequent claim, shall give bond to prosecute the claim with effect, &c. as has been stated at the bar \ but as this case is offered to be proven, that would be an act to be dope by the Defendant, when he found that Reynolds had procured the entry to be transferred in his name. The Defendant should then have gone to the office, and caused a caveat to be entered, and should have given the bond that the act directs. It has been argued that the Defendant was a purchaser, and that the Plaintiff having this grant with an intention to defeat that purchase, it was void under the act against conveyances to defraud purchasers ; but that act was intended to void the deeds of private individuals made for such purposes, not deeds granted by the State. The law will not suppose the State concerned with one individual to defraud another ; and indeed.it is much to be doubted, whether an entry can be sold by execution. And if it cannot, then the Defendant is not a purchaser within the meaning of that act. There are many things a man himself may sell, which cannot be sold by execution — if the Defendant hath a judgment for a sum of money, the Sheriff cannot sell it upon a ji, fa. and besides the act cited does not authorise a sale by the entcrer, it directs when the grant from the State comes out in the name of the decedent, the assign shall have a fee-simple in it — -it may mean an assignee in law as a devisee, &c. The act does not say that in all cases the enterer may sell, and that his sale shall be good. Et per Williams to the jury: — This is so clear a case that the jury need not go a foot from the bar. Yet they did retire, and after some time, found according to his direction, for the Plaintiff — dehoc.
Note. — Vide accordingly Sears v. Parker, post 126.—Dickey v. Hoodenpile, post 358.-Cupples, guardian of Allen v. —— post 456.— *125 Foreman v. Tyson, post 496.—Tyrrell v. Mooney, 1 Murph 401.—Tate v. Greenlee, 2 Hawks, 231. Bat when the lands are not in fact vacant and unappropriated, a state grant of such lands is. absolutely void, and that fact may be shown in evidence on a.trialat law in ejectment. University v Sawyer, 2 Hay. 98.—Strother v. Carthey, 1 Murph. 162. Tyrrell v. Mooney, Ibid. 401.